STANISLAW SROKA *vs.* FRED F. HALLIDAY *et al.*

JUNE 18, 1920.

PRESENT: Sweetland, C. J., Vincent, and Stearns, JJ.

(1)   *Parent and Child.   Damages.   Loss of Services.*

Where there is no evidence whatever in regard to the estimated earning capacity of a minor or the cost of his support there is no basis on which to support a finding for loss of the minor's services to the father.

(2)   *Parent and Child.   Damages.   Loss of Services.   Action for Benefit of Estate of Minor.*

The rule of damages stated in *McGarr* v. *Nat. & Prov. Worsted Mills*, 24 R. I. 447, in an action for negligence to recover damages for loss of service of plaintiff's minor child is the established law of the State.   Such rule of damages does not apply in actions under Gen. Laws, 1909, cap 283, § 14 for the death of a minor caused by negligence since such action is brought for the benefit of the estate of the minor and not for the loss of services to the parent.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of plaintiff and overruled.

STEARNS, J.   This is one of two cases of trespass on the case for negligence arising out of the same accident which were tried together in the Superior Court.   In one case John Sroka, a minor, who sued through Stanislaw Sroka, his father and next friend, after a trial by jury was awarded

a verdict for $17,000. This verdict was sustained by this court in an opinion reported in 41 R. I. 322, in which opinion the facts are fully stated and to which reference is hereby made. In the case now before us, which is the action of Stanislaw Sroka, the father, for damages suffered by him as a result of the injuries to his minor son, the jury returned a verdict for the plaintiff for $125. The case is here on exceptions taken by the plaintiff to certain instructions given by the trial justice in his charge to the jury, and to the decision of the trial court denying the motion of the plaintiff for a new trial on the question of damages.

The plaintiff in the trial of these two cases presented no evidence of the probable earning capacity of the minor either before or after the time he would come of age. The trial court charged the jury that in the absence of any evidence on the question of the loss of wages that the jury could not give damages in either case for any loss of wages; that the father was suing simply for his money loss. The court then charged the jury in regard to the father's case as follows: "It is simply a business proposition; how much money loss has he suffered. The father is compelled to support his minor child, the law obliges him to, till that child reaches the age of twenty-one years; and in return, the earnings of that child belong to the father. But in this case there has been no evidence submitted that the boy earned any money, or that his services were valuable or would be valuable to the father. There is testimony here on the part of the father that he had expended the sum of fifty cents a week for medicine and liniment and so forth for the boy, and that is the only item which he has proved as damage on his part. . . . I have the figures here as amounting to $125."

The plaintiff took an exception to part of the charge as follows: "I want an exception to that part of the charge where you in substance charge the jury that the father's elements of damage are limited to the matter of medicine, fifty cents a week," and it is this exception which is now urged before this court.

We find no error in the charge in this respect. The court correctly stated the facts in regard to the testimony and the law applicable thereto.

(2)    In *McGarr* v. *Nat. & Prov. Worsted Mills*, 24 R. I. 447, which was an action for negligence brought to recover damages for loss of service of plaintiff's minor daughter, this court, at page 460, stated the rule of damages as follows: "In an action of this sort the proper measure of damages is the pecuniary value of the child's services from the time of the injury until it attains its majority, less its support and maintenance, together with the necessary costs and expenses incident to the care and cure of the child, such as those for medical and surgical attendance. . . . In short, the measure of damages in such a case is the same as that which obtains in a case brought by a master for the loss of services of his servant or apprentice. It is therefore practically a business and commercial question only; and the elements of affection and sentiment have no place therein."

The rule of damages as above stated is the established law of the State. This rule was followed in *Schnable* v. *Prov. Pub. Market*, 24 R. I. 477, and in *Russo* v. *R. I. Co.*, 38 R. I. 323. In the *Russo* case which was brought to recover damages for the death of a minor aged five and one-half years there was evidence to the effect that the child was healthy and somewhat large for its age, was helpful in the house but had never been employed in doing errands. It was held that the evidence was insufficient to support a verdict for loss of services in the absence of any testimony bearing upon the value of the child's services and the cost of its support.

In *Dimitri* v. *Cienci & Son*, 41 R. I. 393, the *Schnable* case was overruled to this extent that it was held that the rule of damages as stated in the *McGarr* case was not applicable in actions under the statute (Chap. 283, Sec. 14, Gen. Laws) for the death of a minor caused by negligence, for the reason that the action in such cases is properly brought for

the benefit of the estate of the deceased minor and not for the loss of services to the parent.   The court however affirmed the rule in the *McGarr* case, when action is brought for loss of services, etc.   In the present case the minor at the time of the accident, July 12, 1912, was six and one-half years of age and at the time of the trial of this case, April 18, 1918, was over eleven years of age.   It is true it is very difficult to assess damages in a case of this kind with justice to both plaintiff and defendant.   But there are certain facts in regard to the minor's health, intelligence, situation and prospects in life which would be of some assistance both to court and jury on the question of the probable earning capacity of the minor.   As there is no evidence whatever in regard to. the estimated earning capacity of the minor or the cost of his support, there is no basis on which to support a finding for loss of the minor's services to the father.

We find no error in the record.

The exceptions of the plaintiff are overruled and the case is remitted to the Superior Court for judgment on the verdict.

*John P. Beagan, John J. Richards,* for plaintiff.

*Thomas P. Corcoran, James G. Connolly,* for defendants.